UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SHAWN BROWN,

                    Petitioner,

  -against-

SUPERINTENDENT JOSEPH T. SMITH,

                    Respondent.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 15 2012
BROOKLYN OFFICE

ORDER ADOPTING REPORT
AND RECOMMENDATION

09-CV-4522
(Kuntz, J.)

**KUNTZ, United States District Judge**

    On October 7, 2009, Shawn Brown ("Petitioner") filed this *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his conviction for scheme to defraud in the second degree, burglary in the second degree, burglary in the third degree, grand larceny in the fourth degree, petit larceny, attempted petit larceny, criminal impersonation in the second degree, and unlawful imprisonment in the second degree. ECF No. 1, Petition filed Oct. 7, 2009, at 1. Petitioner was convicted on February 16, 2006 following a jury trial in the Supreme Court in Kings County, New York. Trial Tr. 476–482. *People v. Brown*, No. 4137/05 (N.Y. Sup. Ct., Feb. 16, 2006).

    On June 22, 2010, the Court referred the Petition to Magistrate Judge Lois Bloom for a Report and Recommendation. On October 20, 2011, Magistrate Judge Bloom issued a Report and Recommendation recommending the Petition be denied in its entirety. ECF No. 11, Report and Recommendation filed Oct. 20, 2011. As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14

days of receipt of the Report and Recommendation. ECF No. 11, at 22. By letter dated October 31, 2011, Petitioner requested additional time to file his objections. ECF No. 12, Letter Motion for Extension of Time filed Nov. 2, 2011. Magistrate Judge Bloom granted Petitioner's application and directed him to file any objections by December 12, 2011. ECF No. 13, Endorsed Order Granting Motion for Extension of Time to File filed Nov. 8, 2011. On December 5, 2011, the Court received a copy of Petitioner's Objections to the Report and Recommendation dated November 28, 2011. ECF 14, Objection to Report and Recommendation filed Dec. 5, 2011.

## I. Legal Standard

To the extent a party makes specific and timely written objections to a magistrate judge's Report and Recommendation, the district court must review *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). A proper objection requires reference to a specific portion of the Report and Recommendation. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (*quoting Barratt v. Joie,* No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Barratt,* 2002 WL 335014, at *1 (citations omitted); *see also Ortiz v. Barkley,* 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citations and internal quotation marks omitted). Furthermore, even in a *de novo* review of a party's specific objections, the court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the

magistrate judge in the first instance." *Kennedy v. Adamo,* No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (citation and internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue,* No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks omitted); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.,* No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation and internal quotations marks omitted). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In reviewing a petition for *habeas corpus* relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 requires federal courts to apply a deferential standard when conducting *habeas corpus* review of state court decisions. *Renico v. Lett,* — U.S. —, —, 130 S. Ct. 1855, 1862 (2010). A petitioner is entitled to *habeas corpus* relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Application

The relevant factual and procedural background of this case is set forth in Magistrate Bloom's Report and Recommendation. ECF 11, at 1-8. In his response to the Report and Recommendation, Petitioner argues his constitutional rights were violated because:

(1) The two lineup identifications should have been suppressed because they were unduly suggestive and the procedures used in the first lineup tainted the lineup. ECF 14, at 8-10, 13.

(2) His sentencing as a persistent violent offender pursuant to New York Penal Law § 70.08 violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(3) He had ineffective assistance of trial and appellate counsel because (a) his counsel failed to raise his warrantless arrest, physical beating by police, forced statements, and unlawful lineups; (b) he was denied the right to testify at the pretrial hearing and at trial; and (c) the pretrial hearing court failed to make findings of fact and conclusions of law with respect to his *Huntley* and *Dunaway* claims. ECF 14, at 12-14.

A review of the purported objections of Petitioner shows they consist almost entirely of restatements of the original allegations rather than specific objections to the Report and Recommendation. Indeed, other than referring to the "adversed and abusive Report and Recommendation," Petitioner does not refer to any specific section of Magistrate Judge Bloom's Report and Recommendation. ECF 14, at 1, 23. The submission of Petitioner only requests this Court reject the Report and Recommendation in all respects, or alternatively "remand [it] back to another magistrate judge for a full and complete Plenary hearing." ECF 14, at 2. This conclusory assertion contains no specific challenges to the Report and Recommendation, and

4

reviewing the entire matter *de novo* based on this generic objection would impermissibly circumvent Rule 72(b)(3). *See Pall Corp.*, 249 F.R.D. at 51. The Court has reviewed the Report and Recommendation of Magistrate Judge Bloom for clear error and has found none.

### III.  Conclusion

For the reasons set forth above, the objections of Petitioner are overruled and the Report and Recommendation of Magistrate Judge Bloom is adopted in its entirety as the opinion of this Court. Accordingly, Petitioner's petition for a writ of *habeas corpus,* pursuant to 28 U.S.C. § 2254, is denied. Because Petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Respondent shall serve a copy of this Order on Petitioner and note such service on the docket by February 24, 2012.

**SO ORDERED**

Dated: Brooklyn, New York
      February 14, 2012

                                        HON. WILLIAM F. KUNTZ, II
                                        United States District Judge

5